The negro girl for whom the note in controversy was given was recovered by the plaintiff in right of his wife, in a suit in Virginia. When the negro was sold, the plaintiff said "she was his wife's property, and she could do what she pleased with her." (599) His wife joins the plaintiff in executing the bill of sale, and the note is made payable to her and was delivered to her. There is no proof that the plaintiff ever took the note into his possession, or had anything to do with it; and are satisfied by the pleadings and proofs that the plaintiff's wife traded the note to Gamble for a tract of land, and afterwards assigned her contract to Carson, who paid to her the amount of the note. This dealing by the wife of the plaintiff was done through the agency of Joshua Bracking, who indorsed the note to Gamble, to whom the defendant Parks paid the full amount. The allegation of the plaintiff, that he notified Parks not to pay the note before he had paid it, is not proved. *Page 392 
The case turns on the validity of the payment made by Parks to Gamble, which is a mere question of law; and the plaintiff comes into this Court, not on the ground of an equity against Parks, but on the collateral fact, that the note has, without his concurrence or consent, got into the possession of Parks, whereby the remedy at law is obstructed.
As the plaintiff neglected to notify Parks not to pay the note before he had paid it, and as Parks paid the full amount innocently to Gamble, a bonafide holder, having the indorsement of Bracking, a court of equity might hesitate whether it should not decline to interfere, and leave the plaintiff to his remedy at law, if upon the facts the court was of opinion that strictissimi-juris the payment was not valid. But we are of opinion that the payment was valid, and the debt thereby discharged.
The legal title to a bill of exchange, promissory note, or bond for the payment of money, negotiable by statute, can only be passed by indorsement; but the equitable interest may be acquired by purchase without indorsement; and payment to a bona fide holder without (600) indorsement, who has purchased the note or bond, and on payment hands it to the obligor, is a valid payment, and discharges the bond.
The possession of the note or bond, connected with the fact that it had been acquired by purchase, is full evidence of an authority to receive the money. This is a matter of every-day occurrence, and when a man presents a note which he has "traded for," although there is no indorsement by the payee, the obligor pays the amount and "lifts the note," as it is usually expressed, on the ground that the possession of a note or bond by one who has purchased it of the payee is evidence of a power of attorney which authorizes the holder to receive the amount to his own use.
The plaintiff's right to treat the payment by Parks to Gamble, who delivered the bond up to him, as a nullity, is put on the ground that Gamble was not a bona fide purchaser, for Bracking had no right to sell the bond. This depends on the fact whether the plaintiff's wife had authorized Bracking to do so, and that depends on the fact whether the plaintiff had made his wife his agent in respect to the transaction concerning the negro. So the case is reduced to this, Does the evidence sustain the inference that the plaintiff had, in respect to the slave Beck, and the note executed as a security for the price at which she was sold, expressly or by implication constituted his wife an agent to sell the slave and receive the purchase money? We are satisfied by the evidence that such is the fact. The plaintiff said "the negro woman was his wife's property, and she could do as she pleased with her." The wife joins in the execution of the bill of sale, and the note is made payable to her, and is never taken into his possession. All of which tends to show that *Page 393 
in respect to the negro and the note taken as her price, the plaintiff supposed his wife had a right to do as she pleased, and either expressly or by implication made her his agent to enable her to do so.
The plaintiff has failed to establish his equity. (601)
Bill dismissed.